IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUBEN VASQUEZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-302-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus filed by Petitioner, Ruben Vasquez, a county prisoner at the time the petition was filed, against Bill Waybourn, Sheriff of Tarrant County, Texas, Respondent. After considering the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

In this petition, Petitioner challenges his February 14, 2012, conviction for theft of property under $1,500 in Tarrant County, Texas, Case No. 1251929D, for which he was sentenced to six months' confinement in a state jail facility. Pet. 2, ECF No. 1; Resp't's Reply 13, ECF No. 9. At the time the petition was filed, Petitioner was awaiting trial in Tarrant County in Case No. 1528706D for unauthorized use of a vehicle. Resp't's Reply 9, ECF No. 9. His 2012 theft conviction was one of two prior state-jail convictions used to elevate the felony classification for his current offense. *Id.* at 20. On May 25, 2018, pursuant to a plea agreement, Petitioner pleaded guilty in Case No. 1528706D to the current offense, the state waived the enhancement paragraph in the indictment, and Petitioner was sentenced to six months' confinement in a state jail facility. Petitioner has since discharged the six-month sentence and is no longer confined.

## II. DISCUSSION

This Court has the duty to assure that it has jurisdiction over the matters before it. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3). Generally, for this Court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490-91. This is true even if the prior conviction is used to enhance the sentence imposed for any subsequent crime of which he is convicted. *Id.* at 492.

According to county records, Petitioner's six-month sentence on his 2012 conviction expired years ago on February 17, 2012. Resp't's Reply 8-9, ECF No. 9. Thus, Petitioner is not in custody under the 2012 theft conviction and sentence and he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93. Accordingly, Petitioner's habeas petition must be dismissed for lack of subject matter jurisdiction.

The Court also notes that Petitioner is no longer confined in the Tarrant County jail and he has failed to provide notice of his current address. Thus, his whereabouts are unknown.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 is **DISMISSED** with prejudice for lack of subject matter jurisdiction. In addition, for the reasons discussed, a certificate of appealability is denied.

**SO ORDERED** on this 19th day of September, 2018.

_signature_
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**